Opinion by
Will-son, J.

f Transferred from Austin.J

§ 318. Carriers; liability of, beyond their own line; case stated. Dupree shipped a valise containing $500 by *275 the Texas Express Company, from Dallas to Grandview, in this state. The value of the valise, $500, was marked upon it at the time of its shipment. The Texas Express Company delivered to him a written contract of the shipment, which stated that the company had “received of J. W. Dupree one valise valued at $500,’and for which amount the charges are made by said company, marked J. W. Dupree, to be forwarded by this company to Grandview, Texas, there to be delivered,” etc. There was a provision in this contract which authorized the company to deliver the valise to any connecting carrier, and which exempted it from any loss which might occur after such delivery. 'At Eort Worth the Texas Express Company delivered the valise to the Pacific Express Company, the latter company executing and delivering to the former a.receipt in writing for the same, in which it was stated that the valise was in good order. In about one week after Dupree had shipped his valise, he called for it at the office of the Pacific Express Company in Grand-view, and upon its being shown to him he found that it had been cut open at the bottom, and afterwards, upon examination of its contents, the money that it contained when he shipped it was gone. He brought this suit against both the express companies, jointly, for $500. The Texas Express Company, among other matters, pleaded that it had delivered the valise in good order to the Pacific Express Company, and that by its contract of shipment it was not liable for the loss which occurred while the valise was in charge of the Pacific Express Company. Upon this plea it is held: This defense cannot be maintained. The contract of carriage bound the Texas Express Company to transport the valise from Dallas to Grandview. It could legally obligate itself to carry the valise beyond its own line of road, and having done so it could not legally stipulate in the contract that it would not be liable for loss, etc., except upon its own -line. When a carrier contracts to carry goods, not only over his own route, but over connecting lines, he cannot *276 contract that his responsibility may terminate at the end of his own line. He will still be held responsible for the negligence, not only of himself and his servants, but of the connecting lines, they being considered his agents for carrying out the particular contract. A, common carrier, by special contract, may enlarge, but cannot limit, his common law liability. By the common law he is liable for goods lost or destroyed while in his care, unless such loss or destruction was occasioned by the act of God, the public enemy, or the fault of the owner. [R. S. art. 278; W. & W. Con. Rep. §§ 118, 122, 332, 333, 774; ante, §§ 29, 30, 73; R. R. Co. v. Burke, 55 Tex. 323; R. R. Co. v. Allison, 1 Tex. Law Review, 264, 266; Lawson on Carriers, § 235; Hutchinson on Carriers, § 152; Bank v. Adams Express Co. 93 U. S. 174, 183; Pratt v. R. R. Co. 22 Wall. 124; Abbott’s Tr. Ev. p. 570, § 35; 2 Wait’s Act. & Def. p. 36; Field on Damages, § 376.]
§ 319. Fraud on the part of shipper of goods; effect of. ■ The Texas Express Company also pleaded that Dupree practiced a fraud upon it in the shipment of the valise, by concealing and denying that the same contained money, and that by reason of such fraud it was discharged from liability for loss. Upon the issue made by this plea, the charge of the court was full and explicit, and in accordance with the rules of law. It was substantially: 1. That if the plaintiff was guilty of any fraud or imposition in respect to the -carrier, as by concealing the contents of the valise, when called upon to disclose them, the carrier would not be responsible. 2. If the agent of the company, at the time of receiving the valise, asked the plaintiff if it contained money, and he replied that it did not, the company would not be responsible. 3. That it is the duty of every person sending goods by a carrier, to make use of no fraud or artifice to deceive him, whereby his risk is increased, or his care and vigilance may be lessened, and if there is any such fraud or unfair concealment, it will exempt the carrier from responsibility. [Ante, § 74.] In this case the evidence *277 upon this issue was conflicting, and it was for the jury to determine the truth of the matter.
§ 320. Custom and usage; cannot limit liability of a carrier. Another defense contended for by appellant is, that it was the custom of express companies to ship money only through the money department, and never to ship it in a valise, and that the plaintiff was bound by this custom, whether he had knowledge of it or not. Held: Appellant’s agent received the valise for shipment, knowing that it was valued at $500, and contracted to deliver it at Grandview. Upon this contract, the liability of a common carrier attached, and this liability could not be limited by custom. It could not be limited even by special contract.
§321. Witness not under- the rule permitted to testify; not error which will be revised, unless, etc. That the court permitted a witness to testify who had not been placed under the rule with the other witnesses, and who had heard some of the other witnesses testify in the case, is assigned as error. Held: A wide discretion is vested in the trial judge in this matter, and his action in such cases will not be revised, unless it is clearly made to appear that he has abused the discretion confided to him by the law, to the probable injury of the party complaining. Such is the practice even in criminal cases. [Powell v. The State, 13 Tex. Ct. App. 244.] •
§ 321a. Liability of one carrier to another for goods lost; burden of proof; prima facie evidence of liability. The Texas Express Company alleged that the money was lost while in charge of the Pacific Express Company, and prayed for judgment over against said company. The court in its charge fully explained to the jury the law upon this branch of the case, instructing them that if the loss of the money occurred while it was in charge of the Pacific Express Company, then said company was liable to appellant for such- loss; but that the burden of proof devolved upon appellant to show, by a preponderance of evidence, such liability. Appellant read in *278 evidence the receipt of the Pacific Express Company acknowledging that it had received the valise in good order. This receipt prima facie established the liability of said company, and shifted upon it the burden of proof to show that the money was not in the valise, or that the valise was not in good order, when received by it. [Abbott’s Tr. Ev. p. 5G6, § 30.] No such evidence was introduced, and without it, the verdict and judgment should have been in favor of the Texas Express Company against the Pacific Express Company for the $500 and costs. The judgment of the county court was in favor of appellee Dupree against the Texas Express Company for $500 and costs, and in favor of the Pacific Express Company against the Texas Express Company for costs. The judgment in favor of Dupree is affirmed, and that in favor of the Pacific Express Company against appellant is reversed, and the cause as between the two companies is remanded for another trial.
October 15, 1884.
Affirmed in part, and reversed and remanded in part.